```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ANTHONY LONG,

                              Petitioner,

              -against-

WILLIAM CONNOLLY and NEW YORK
STATE,

                              Respondents.

----------------------------------------------------------- X
```

**MEMORANDUM**
**DECISION AND ORDER**

10 Civ. 0715 (BMC)

**COGAN, District Judge.**

The issue in this habeas corpus proceeding brought under 28 U.S.C. § 2254 is whether petitioner's confession, given after he was shot in the chest, was voluntary. I hold that the state courts' determination that his confession was voluntary was neither contrary to nor an unreasonable application of Supreme Court authority. I therefore deny the petition and dismiss the case.

## BACKGROUND

The prosecutor at trial described the facts of this case to the trial judge as presenting a "somewhat wacky fact pattern," a description that seems accurate to me. At the time petitioner confessed to the botched robbery for which he had been arrested several hours earlier (the "attempted robbery"), and a successful robbery (the "successful robbery") several weeks before, as to which he was questioned after his first confession, neither he, nor the police, nor EMS technicians who examined him at the precinct house, nor hospital doctors who had examined him prior to his confessions (he had suffered a head wound during the robbery and received stitches)

knew that he had accidentally shot himself during the attempted robbery and was still carrying the bullet in his chest. Petitioner had signed two Miranda waivers, one before confessing to the attempted robbery, and another before confessing to the successful robbery. Only after his second confession, when the police, unable to locate a spent bullet at the scene of the attempted robbery, asked petitioner to recreate what happened, did the investigating detective discover a hole in petitioner's clothes covering a "busted pimple" on his chest, which another trip to the hospital[1] revealed was in fact the missing bullet.

There was overwhelming evidence to convict petitioner (after a bench trial) on the attempted robbery and an attendant illegal weapons possession charge; his confession was largely superfluous. Both store employees who he had confronted, and who subdued him with a baseball bat (causing his head wound), testified to materially indistinguishable versions of petitioner's attempt to rob the store and their success in thwarting him. Petitioner himself testified at trial and gave a story, the material part of which the trial judge found incredible, that he entered the store with a loaded gun but only drew it when the store employees attacked him for no apparent reason.

In contrast, petitioner's confession was essential to his conviction for the successful robbery, as it was the only evidence linking him to that crime. Both at trial and on appeal, petitioner challenged the voluntariness of his confession to the successful robbery, contending that the bullet in his chest left him *in extremis* and invalidated the Miranda waiver he gave as to that robbery. However, neither at trial nor on appeal (nor in the instant case) did petitioner raise

---

[1] In petitioner's appeal in the Appellate Division, both sides' briefs described three trips to the hospital, the last one occurring after the detective found the bullet, a position respondent maintains in this proceeding. I cannot locate the alleged second trip to the hospital; the record discloses one trip after petitioner arrived at the precinct house and another after petitioner confessed and the detective found the bullet. It is not material whether there were two or three hospital trips.

the same challenge to the use of his confession to the attempted robbery – even though it was given moments before his confession to the successful robbery – undoubtedly because, as noted above, the evidence was so overwhelming that suppressing his confession as to the attempted robbery and weapons possession would not have invalidated the conviction for those crimes.

The trial judge sentenced petitioner to 12 years on the attempted robbery; 12 years for illegal weapons possession in connection with the attempted robbery; and 12 years on the successful robbery – all to run concurrently.[2] In the instant case, petitioner seeks (and can only seek) habeas corpus review as to the claim he exhausted in state court – his admission of the confession to prove the successful robbery, not the attempted robbery or the illegal weapons possession.[3]

## DISCUSSION

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a habeas petitioner challenging the voluntariness of his confession often faces a double hurdle. First, he must prove by clear and convincing evidence that the factual findings underlying the trial court's

---

[2] Petitioner also was sentenced to seven years, also to run concurrently, for a second weapons conviction in connection with the same attempted robbery. However, the trial judge and, apparently, the lawyers, were unaware that this charge had been previously dismissed. In the instant proceeding, petitioner challenges his trial counsel as ineffective for not pointing out this error at sentencing. That argument is moot because the Appellate Division vacated his conviction on that count notwithstanding defense counsel's failure to object at sentencing.

[3] Respondent makes a passing reference to the "concurrent sentence doctrine," which allows a reviewing court to decline review of a conviction if invalidating the challenged sentence would not alter a defendant's term of custody because the challenged conviction is being served concurrently with an unchallenged conviction. See United States v. Vargas, 615 F.2d 952, 956 (2d Cir. 1980) (describing concurrent sentence doctrine). I decline to rely on that doctrine because respondent has inadequately briefed it. He has not, for example, even attempted to demonstrate that there are no collateral consequences to petitioner from the conviction challenged here, and the Second Circuit has made it clear that it his burden to do so. See id. at 960; see, e.g., Suarez v. Bennett, No. 04-1143-pr, 207 Fed. Appx. 114, 115 (2d Cir. Dec. 5, 2006). It is hard to understand why respondent would raise this argument without attempting to substantiate it, thus wasting his own time and that of the Court. It is especially difficult to understand since, based on the limited information in the record, this case may well have qualified for application of the concurrent sentence doctrine, notwithstanding its limited availability; for example, petitioner already has at least one prior felony conviction, so there may in fact be no meaningful consequences to the conviction I am reviewing here, and this decision may constitute an exercise in futility.

3

ruling were erroneous. 28 U.S.C. § 2254(e)(1). And those factual findings need not be express, for the Supreme Court has repeatedly held that a habeas court may apply the presumption of correctness to factual findings (including credibility determinations) that were not explicitly stated by the trial judge but could be inferred from his legal conclusion. See Marshall v. Lonberger, 459 U.S. 422, 103 S. Ct. 843 (1983) (trial judge's legal conclusion that defendant's guilty plea to a previous charge was admissible into evidence contained an implicit factual determination that defendant's testimony that he had not been given opportunity to review the indictment for the charged offense lacked credibility); LaVallee v. Delle Rose, 410 U.S. 690, 93 S. Ct. 1203 (1973) (trial judge's legal conclusion that defendant's confessions to the police were voluntary and legally admissible in evidence contained an implicit factual determination that defendant's testimony that his confessions were the result of police coercion was not credible); see also Campbell v. Vaughn, 209 F.3d 280, 289 (3d Cir. 2000) ("[O]ur duty is to begin with the [state] court's legal conclusion and reason backward to the factual premises that, as a matter of reason and logic, must have undergirded it."); Whitaker v. Meachum, 123 F.3d 714, 715 n.1 (2d Cir. 1997) (in habeas review of state court conviction, "deference is owed 'to implied as well as express findings of fact'") (quoting Ventura v. Meachum, 957 F.2d 1048, 1055 (2d Cir. 1992)).

Second, even with regard to the legal conclusion as to voluntariness, a petitioner must show that the state court's conclusion was not only erroneous, but contrary to or an unreasonable application of Supreme Court authority. 28 U.S.C. § 2254(d). "[S]o long as the issue has been raised and decided in state court on the merits, it appears that, even with respect to mixed questions of law and fact, the federal court may overturn the decision of the state court only if the decision was objectively unreasonable." Grate v. Stinson, 224 F. Supp. 2d 496, 502

4

(E.D.N.Y. 2002) (applying AEDPA deferential standard to review of voluntariness determination).

This double burden is further increased in many cases challenging the voluntariness of a confession because the Supreme Court authority on the issue stands only for the broad proposition that a confession must be voluntary to be admissible. Because AEDPA authorizes a federal court to grant relief only when a state court's application of federal law was unreasonable, it follows that "[t]he more general the rule" at issue – and thus the greater the potential for reasoned disagreement among fair-minded judges – the more leeway [state] courts have in reaching outcomes in case-by-case determinations." Yarborough v. Alvarado, 541 U. S. 652, 664, 124 S. Ct. 2140 (2004).

Determining whether a confession was voluntary necessarily means delving into the circumstances behind the confession on a case-by-case basis. "No single criterion controls whether an accused's confession is voluntary: whether a confession was obtained by coercion is determined only after careful evaluation of the totality of the surrounding circumstances." Green v. Scully, 850 F.2d 894, 901 (2d Cir.1988) (citing, *inter alia*, Fare v. Michael C., 442 U.S. 707, 726, 99 S. Ct. 2560 (1979)). This framework further decreases the likelihood that the state court's decision will be found contrary to or to be an unreasonable application of Supreme Court authority.

Applying these principles to the instant case, I cannot find that the state court's determination that petitioner's confession was voluntary qualifies for habeas corpus relief. At the suppression hearing, the trial court found that petitioner's injuries at the time of his arrest did not appear to be severe. It further found that petitioner had refused medical attention and had to be taken to the hospital for the gash in his forehead over his objection. The detective at the

suppression hearing testified that during his interrogation, petitioner appeared alert and did not appear to be in any kind of physical distress; petitioner stating at most that he had a little pain, which the detective understood as relating to the cut on his head. There was no sign of blood on or near the bullet entry point. The detective read petitioner his Miranda rights two separate times and petitioner signed a waiver each time. Petitioner did not testify at the suppression hearing and offered no meaningful contradiction to the detective's testimony.

Petitioner did testify at trial in a manner that somewhat contradicted the detective's testimony that he was not in serious pain during the interrogation. Petitioner testified that he was having trouble breathing and his head hurt, and that he had repeatedly asked to return to the hospital, but that the police would not allow it until he gave his confessions. The trial court, having heard petitioner's testimony and the testimony of the officers both at the suppression hearing and again at trial, was in the best position to weigh the credibility of these inconsistent versions. See Lonberger, 459 U.S. at 434; Grayton v. Ercole, 07-CV-0485, 2009 U.S. Dist. LEXIS 81169, at *33-34 (E.D.N.Y. Sep. 8, 2009). Indeed, the fact that petitioner was examined separately by both EMS and physicians and hospital staff prior to his confessions, and no one knew he had been shot, is compelling circumstantial evidence that any distress was not as acute as he testified, and further supported the trial court's determination that his confessions were voluntary.[4]

Petitioner has failed to meet his burden of demonstrating by clear and convincing evidence that the trial court erred in determining whether his pain was so severe that it affected

---

[4] There were also some rather incredible points in petitioner's testimony at trial. For example, he was asked on direct examination whether he carried a gun into the store. After first deflecting the question by answering that this was merely what the victims of the robbery were saying, petitioner, upon further questioning by the trial judge, admitted that he entered the store with a loaded weapon, although he maintained his story that he was the victim of an unexplained assault.

his judgment, see 28 U.S.C. § 2254(e)(1), nor has he demonstrated that the state court's conclusion that his confession was voluntary constituted an unreasonable application of or was contrary to Supreme Court authority.

## CONCLUSION

The petition is denied and the case is dismissed. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability shall not issue. See 28 U.S.C. § 2253. Further, I certify that any appeal from this Order would not be taken in good faith. See 28 U.S.C. §1915(a); Coppedge v. U.S., 369 U.S. 438, 444, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
August 27, 2010